IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCOTT DOLEMBA, on behalf of plaintiff and a class, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| BRANDREP, INC., | ) ) |
| Defendant. | ) ) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.  Plaintiff Scott Dolemba brings this action to secure redress for the placement of illegal telemarketing calls to his phone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. 227 ("TCPA") and state law.

### JURISDICTION AND VENUE

2.  This Court has jurisdiction under 28 U.S.C. §1331, *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 751-53 (2012); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005), and 28 U.S.C. §1367.

3.  Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendant:

    a.  Has committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

    b.  Has transacted or done business in Illinois.

4.  Venue in this District is proper for the same reason.

### PARTIES

5.  Plaintiff Scott Dolemba is a resident of the Northern District of Illinois.

6.  Defendant Brandrep, Inc., is a Delaware corporation with an office located at 16812 Armstrong Avenue, Suite 200, Irvine, California 92606. Its registered agent and office is Legalzoom.com, Inc., 100 West Broadway, Suite 100, Glendale, California 91210.

**FACTS**

7. On December 30, 2015, plaintiff received an automated phone call on his cell phone from 954-794-7079 and spoke with Caroline, who said she was with "BMS."

8. On January 4, 2016, plaintiff received an automated telephone call on his cell phone from 979-871-2430 and spoke with Joseph, who said he was with "Brand Marketing Solutions."

9. On January 5, 2016, plaintiff received a second automated telephone call on his cell phone from 979-871-2430 and spoke with Stephen, who said he was with "BrandRep," an internet marketing company.

10. On January 6, 2016, plaintiff received an automated phone call on his cell phone from 830-407-0990 and spoke with Melissa, who said she was with "BMS, Brand Marketing Solutions."

11. On information and belief, the calls were initiated by an automatic telephone dialing system.

12. In each case, the calls played a prerecorded voice offering optimization of plaintiff's company website with Google and inviting plaintiff to press one in order to speak with a "specialist."

13. Upon pressing "1," plaintiff was connected with the above representatives.

14. The services offered were those of BrandRep.

15. Defendant either negligently or wilfully violated the rights of plaintiff and other recipients in placing the calls.

16. Plaintiff suffered damages as a result of receipt of the call. Furthermore, plaintiff's statutory right of privacy was invaded.

17. Plaintiff is entitled to statutory damages.

18. Defendant violated the TCPA even if its actions were only negligent.

19. Defendant should be enjoined from committing similar violations in the future.

## COUNT I – TCPA

20. Plaintiff incorporates paragraphs 1-21.

21. The TCPA provides, at 47 U.S.C. §227(b):

**Restrictions on use of automated telephone equipment**

**(1) Prohibitions**

**It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States--**

> **(B) to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the Commission under paragraph (2)(B);directs the Federal Communications Commission, 47 U.S.C. §227(c), . . .**

22. Plaintiff had not consented to defendant's communications.

23. The TCPA provides, 47 U.S.C. §227(b)(3) provides:

> **Private right of action.**
>
> **A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State-**
>
> **(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**
>
> **(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**
>
> **(C) both such actions.**
>
> **If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

## CLASS ALLEGATIONS

24. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), (c) received calls placed using an automated dialer or using an artificial or recorded voice (d) by or on behalf of BrandRep, Inc., (e) with respect to whom

3

defendant cannot provide evidence of express consent prior to the call.

25. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

26. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendant engaged in a pattern of making or causing to be made telemarketing calls using an automated dialer or a recorded or artificial voice;

    b. The manner in which defendant compiled or obtained their list of telephone numbers;

    c. Whether defendant obtained the consent of the called parties;

    d. Whether defendant thereby violated the TCPA;

27. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

28. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

29. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendant is small because it is not economically feasible to bring individual actions.

30. Several courts have certified class actions under the TCPA: *Meyer v. Portfolio Recovery Associates, LLC,* 707 F.3d 1036 (9th Cir. 2012); *Manno v. Healthcare Revenue Recovery Group, LLC*, 289 F.R.D. 674 (S.D.Fla. 2013); *Mitchem v Illinois Collection Serv.*, 271

F.R.D. 617 (N.D.Ill. 2011); *Balbarin v. North Star Capital Acquisition, LLC,*, 10 C 1846, 2011 U.S. Dist. LEXIS 686 (N.D. Ill., Jan. 5, 2011), later opinion, 2011 U.S. Dist. LEXIS 5763 (N.D.Ill., Jan. 21, 2011), later opinion, 2011 U.S. Dist. LEXIS 58761 (N.D. Ill., June 1, 2011); *Lo v. Oxnard European Motors, LLC*, 11CV1009 JLS (MDD), 2012 U.S. Dist. LEXIS 73983 (S.D.Cal., May 29, 2012); *Sadowski v. Med1 Online, LLC,* 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *CE Design Ltd. v Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D.Ill. 2009); *Targin Sign Sys. v Preferred Chiropractic Ctr., Ltd.*, 679 F. Supp. 2d 894 (N.D.Ill. 2010); *Garrett v. Ragle Dental Lab, Inc.,* 10 C 1315, 2010 U.S. Dist. LEXIS 108339, 2010 WL 4074379 (N.D.Ill., Oct. 12, 2010); *Hinman v. M & M Rental Ctr.,* 545 F.Supp. 2d 802 (N.D.Ill. 2008); *Clearbrook v. Rooflifters, LLC*, 08 C 3276, 2010 U.S. Dist. LEXIS 72902 (N.D. Ill. July 20, 2010) (Cox, M.J.); *G.M. Sign, Inc. v. Group C Communs., Inc.*, 08 C 4521, 2010 U.S. Dist. LEXIS 17843 (N.D. Ill. Feb. 25, 2010); *Holtzman v. Turza*, 08 C 2014, 2009 U.S. Dist. LEXIS 95620 (N.D.Ill., Oct. 14, 2009); *Kavu, Inc. v. Omnipak Corp.,* 246 F.R.D. 642 (W.D.Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.,* 961 So.2d 451, 455 (La. App. 1$_{st}$ Cir. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.*, 992 So. 2d 510 (La. App. 1$_{st}$ Cir. 2008); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Ok. App. 2006); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d 844 (2002); *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App. 2003); *Critchfield Physical Therapy v. Taranto Group, Inc.*, 293 Kan. 285; 263 P.3d 767 (2011); *Karen S. Little, L.L.C. v. Drury Inns. Inc.,* 306 S.W.3d 577 (Mo. App. 2010); *Travel 100 Group, Inc. v. Empire Cooler Service, Inc.*, 03 CH 14510 (Cook Co. Cir. Ct., Oct. 19, 2004); *Rawson v. C.P. Partners LLC*, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); *Nicholson v. Hooters of Augusta, Inc.*, 245 Ga.App. 363, 537 S.E.2d 468 (2000).

  31. The court in *Meyer v. Portfolio Recovery Associates, LLC,* 707 F.3d 1036 (9th Cir. 2012) also affirmed the granting of an injunction prohibiting the defendant from contacting debtors via their cellular telephone numbers in violation of the TCPA.

32. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

33. WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendant for:

    a. Statutory damages;

    b. An injunction against further robocalls to plaintiff and others;

    c. Costs of suit;

    d. Such other or further relief as the Court deems just and proper.

## COUNT II – ILLINOIS CONSUMER FRAUD ACT

34. Plaintiff incorporates paragraphs 1-21.

35. Defendant engaged in unfair acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by making unauthorized robocall to plaintiff's cell phone.

36. Defendant's conduct is contrary to public policy, as set forth in the TCPA.

37. Plaintiff suffered damages as a result of receipt of the call.

38. Defendant engaged in such conduct in the course of trade and commerce.

39. Defendant should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

40. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), (c) received calls using an automated dialer or artificial or recorded voice (d) by or on behalf of BrandRep, Inc., (e) with respect to whom defendant cannot provide evidence of express consent prior to the call.

41. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

42. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions

include:

    a.    Whether defendant engaged in a pattern of making or causing to be made telemarketing calls using an automated dialer or a recorded or artificial voice;

    b.    The manner in which defendant compiled or obtained their list of telephone numbers;

    c.    Whether defendant obtained the consent of the called parties;

    d.    Whether defendant thereby violated the ICFA;

43.    Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

44.    Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

45.    A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendant is small because it is not economically feasible to bring individual actions.

46.    Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

47.    WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff against defendant for:

    a.    Compensatory and punitive damages;

    b.    An injunction against further violations;

    c.    Attorney's fee, litigation expenses and costs of suit;

    d.    Such other or further relief as the Court deems just and proper.

                                                                                s/ Daniel A. Edelman
                                                                                Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Dulijaza Clark
Michelle A. Alyea
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## **VERIFICATION**

The undersigned declares under penalty of perjury, as provided for by 28 U.S.C. §1746, that the facts stated in the foregoing complaint are true to the best of our knowledge and belief.

_____
Scott Dolemba

## NOTICE OF LIEN AND ASSIGNMENT

      Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                          s/ Daniel A. Edelman
                                          Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Dulijaza Clark
Michelle A. Alyea
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)